NUMBER 13-00-573-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                           CORPUS CHRISTI

 



 

LEONARDA SALAZAR, INDIVIDUALLY

AND AS REPRESENTATIVE OF THE

ESTATE OF SELERINA DELGADO, 

DECEASED, MARGARITO DELGADO,

AND HIDALIA CASTILLO,                                        Appellants,

 

                                           v.

 

EDMUNDO CANALES, M.D.,

SAVITA KOOLWALL, M.D.,

JUAN F. JIMENEZ CHAPA, M.D.,

AND McALLEN MEDICAL CENTER,                              Appellees.



 

 

                  On appeal from the 275th
District Court

                           of Hidalgo
County, Texas.

 



 

                              O P I N I O N

 

         Before Chief Justice Valdez and Justices Hinojosa
and Castillo

                                  Opinion by Justice Castillo








Appellants, Leonarda
Salazar, individually and as representative of the estate of Selerina Delgado,
Margarito Delgado, and Hidalia Castillo appeal from a trial court order
dismissing their health care liability claim for failure to timely furnish an
expert report and curriculum vitae.  In
one point of error, appellants claim that the trial court erred in dismissing
the case because they in fact did timely file the report and curriculum vitae.  We reverse and remand.  

Factual Summary

Selerina Delgado (ADelgado@) died following a
spinal tap procedure performed at McAllen Medical Center by Edmundo Canales,
M.D. (ACanales@).  Appellants filed suit on November 18, 1999
against the hospital, Canales, and other hospital personnel,[1]
claiming that the appellees committed medical negligence which resulted in
Delgado=s death.  








Under the terms of the
Medical Liability and Insurance Improvement Act of Texas, appellants had until
May 18, 2000 to file an expert report.  Tex. Rev. Civ. Stat. Ann. art. 4590i, '13.01 (Vernon Supp.
2002).  On May 30, Canales moved to
dismiss for failure to timely file the expert report.  On June 1, a hearing was held on the motion
to dismiss, and plaintiff filed a motion for a thirty day grace period to file
the expert report.  In the motion for a
thirty day grace period, the plaintiff=s attorney explained
that his failure to file the report was not intentional, but was rather due to
a calendaring error and the fact that he had been preoccupied since March 22,
2000 caring for his dying mother.  The
trial court granted plaintiff=s request for a thirty
day grace period, and set June 19, 2000 as the new deadline for filing the
expert report and curriculum vitae; otherwise the case would be dismissed.[2]  

Appellants in fact
timely filed a copy of the expert report and curriculum vitae on June 19, 2000
with the Hidalgo County District Clerk. 
However, on June 20 the trial court entered an order dismissing the case
with prejudice because APlaintiffs= extension for filing
of an expert report has expired.@  Apparently, the trial judge dismissed the
case due to the appellants= failure to serve the
opposing parties with copies of the expert report and curriculum vitae by June
19.  Instead, appellant put the opposing
parties= copies in the mail on
June 19, and the appellees received them on June 22.  

Standard of Review








The dismissal of a
medical malpractice lawsuit for failure to comply with the requirements for
filing an expert report is reviewed under an abuse of discretion standard.  Tesch v. Stroud, 28 S.W.3d 782, 785
(Tex. App.BCorpus Christi 2000,
pet. denied).  In reviewing a trial court
decision under an abuse of discretion standard, we must determine whether the
trial court acted without reference to any guiding rules or principles.  Downer v. Aquamarine, 701 S.W.2d 238,
241-42 (Tex. 1985).  The exercise of
discretion is within the sole province of the trial court, and an appellate
court may not substitute its discretion for that of the trial judge.  Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 918 (Tex. 1985).  Rather,
an abuse of discretion occurs only when the trial court reaches a decision that
is Aso arbitrary and
unreasonable as to amount to a clear and prejudicial error of law.@  Id. at 917.  

Discussion

Appellants= medical malpractice
suit fell squarely within the purview of the Medical Liability and Insurance
Improvement Act of Texas, which applies to all health care liability claims
brought in Texas.  Tex. Rev. Civ. Stat. Ann. art. 4590i, '4.01(a) (Vernon Supp.
2002).  The statute has specific
procedural requirements, including one requiring the parties to furnish expert
reports to the opposing party, to wit: 

 

Not later than the
later of the 180th day after the date on which a health care
liability claim is filed or the last day of any extended period established
under Subsection (f) or (h) of this section, the claimant shall, for each
physician or health care provider against whom a claim is asserted: 

 

(1) furnish to counsel
for each physician or health care provider one or more expert reports, with a
curriculum vitae of each expert listed in the report; or 

 

(2) voluntarily
nonsuit the action against the physician or health care provider.

 

Tex. Rev. Civ. Stat. Ann. art. 4590i, '13.01(d) (Vernon Supp.
2002).  

There are also two
specific provisions dealing with a request for thirty additional days to file a
report.  The first of these provides
that:








The trial court may, for good cause shown after
motion and hearing, extend any time period specified in Subsection (d) of this
section for an additional 30 days.  Only
one extension may be granted under this subsection.  

 

Id. ' 13.01(f).  The second section states:

 

Notwithstanding any other provision of this
section, if a claimant has failed to comply with a deadline established by
Subsection (d) of this section and after a hearing the court finds that the
failure of the claimant or the claimant=s attorney was not
intentional or the result of conscious indifference but was the result of an accident
or mistake, the court shall grant a grace period of 30 days to permit the
claimant to comply with that subsection. 


 

Id. ' 13.01(g).  

 

Analysis under section
13.01(f)

 

Appellants= motion for thirty day
extension cited both sections 13.01(f) and 13.01(g) in requesting additional
time to file the expert report and vitae curriculum.  The trial judge in his order granting a
thirty day grace period did not specify under which section he was granting an
extension.  These two sections differ in
several respects.  Subsection (f) is
discretionary and allows the trial judge to extend the filing deadline only an
additional thirty days from the expiration of the 180th day; thus an extension
under Subsection (f) permits the party to furnish her expert report no later
than 210 days following the filing of the lawsuit.  Witworth v. Blumenthal, 59 S.W.3d 393,
397 (Tex. App.BDallas 2001, pet. dism=d by agr.); Landry
v. Ringer; 44 S.W.3d 271, 274 (Tex. App.BHouston [14th Dist.] 2001, no pet.).  








The legislature did
not define the word Afurnish@ as it pertains to
section 13.01(d), and this Court has found no case law specifically
interpreting the furnish requirement. 
Where the legislature does not provide a definition for a term in a
statute, Ait is a cardinal rule
of statutory construction . . . [that] the words employed are ordinarily given
their plain meaning. . .@  Campos v. State, 623 S.W.2d 657, 658
(Tex. Crim. App. 1981).  Further, the
Texas Legislature has stated that words and phrases used in a statute should be
read in context and construed according to the rules of grammar and common
usage.  Tex.
Gov=t
Code Ann.
'311.011(a) (Vernon
Supp. 2002).  

According to Black=s Law Dictionary, the
word Afurnish@ means Ato supply, provide, or
equip, for accomplishment of a particular purpose.@  Black=s
Law Dictionary __ (5th ed. 1979).  Webster=s defines furnish as Ato supply with
anything wanted or necessary.@  Webster=s
New Twentieth Century Dictionary 743 (2nd ed.1979).  It seems clear through these definitions that
the plain meaning of the word Afurnish@ involves supplying
materials to another party.  Further, we
conclude that under the plain meaning of the statute sending the materials in
the mail is an acceptable means of furnishing them.  








Under Texas Rule of
Civil Procedure 5, Aif any document is
sent to the proper clerk by first-class United States mail in an envelope or
wrapper properly addressed and stamped and is deposited in the mail on or
before the last day for filing same, the same, if received by the clerk no more
than ten days tardily, shall be filed by the clerk and deemed filed in
time.  A legible postmark affixed by the
United States Postal Service shall be prima facie evidence of the date of
mailing.@  Tex.
R. Civ. P. 5.  This rule applies
specifically to the filing of materials with the trial court, not furnishing
them to an opposing party.  However, we
see no reason to impose a more onerous burden on a party to meet deadlines
related to furnishing materials to an opposing party than the burden on a party
to meet deadlines provided for filing materials with the court.  Indeed, the vast majority of official
communications between parties at trial occurs through the mail, rather than
through hand delivery.  It is undisputed
that the appellants mailed the expert report and curriculum vitae on June 19,
and therefore these materials were properly Afurnished@ to opposing counsel
under rule 5.








Further, it is
possible that appellants met the Afurnish@ requirement under
section 13.01(d) when they filed the materials with the trial court.  In the limited amount of case law to date
dealing with this requirement, the courts universally discuss the filing of the
expert report, rather than the act of handing it to the other party.  See, e.g., Gomez v. Matey, 55 S.W.3d
732, 734 (Tex. App.BCorpus Christi 2001,
no pet. h.) (AA report must be
provided for each physician or health care provider against whom a claim is
asserted, and must be filed no later than the 180th day. . .@); Ponce v. El Paso
Healthcare Sys., 55 S.W.3d 34, 35 (Tex. App.BEl Paso 2001, pet. denied) (AColumbia filed a
motion to dismiss Ponce=s suit because she had
failed to file either a cost bond or expert report . . . . [T]he trial court
granted Ponce a thirty-day extension of time in which to file the expert
report. . .@); Gill v. Russo,
39 S.W.3d 717, 718 (Tex. App.BHouston [1st Dist.]
2001, pet. denied)  (AGill contends that the
provision requiring that an expert report be filed within 180 days of filing
suit is unconstitutional. . .@); Pfeiffer v.
Jacobs, 29 S.W.3d 193, 196 (Tex. App.BHouston [14th Dist.]
2000, pet. denied) (AIn this case it is
undisputed that Pfeiffer=s 180-day deadline to
file an expert report expired on October 21, 1998.@). 

We find that the
appellants complied with the Afurnish@ requirement under
section 13.01(d) by the twin acts of timely filing the expert report and
curriculum vitae with the trial court and on the same day mailing the report
and curriculum vitae to the opposing counsel. 
Further, appellant complied with the express language of the trial court
order issued on June 1, 2000, which stated that AIt is further ordered that plaintiffs are hereby
granted a 30-day extension of time until June 19, 2000 in which to file their
expert report and curriculum vitae.  If
such expert report and curriculum vitae is [sic] not filed by June 19, 2000,
this case shall be dismissed.@  The filing of both the report and the
curriculum vitae was done on June 19.  

Therefore, if the
trial court granted its extension based on section 13.01(f), it abused its
discretion in dismissing the case with prejudice because the documents were
furnished to opposing counsel timely within the plain meaning of the statute.  

                                    Analysis
under section 13.01(g)

As stated infra,
the trial court order was unclear as to whether the thirty additional days were
granted to appellant under section 13.01(f) or 13.01(g).  The order does state that AIt is therefore
ordered that Plaintiffs= Motion for 30-Day
Grace Period to File Expert Report and Curriculum Vitae is hereby granted.@  This order refers to the extension as a Agrace period@ - a term found in
section 13.01(g), but not 13.01(f).  








Section 13.01(g),
unlike section 13.01(f), is a mandatory provision.  Under this section, the trial court must
grant a thirty day grace period where the appellant has demonstrated that the
failure to meet the deadline Awas not intentional or
the result of conscious indifference but was the result of an accident or
mistake.@  Some excuse, even if it not necessarily a
good excuse, is enough to demonstrate lack of conscious indifference or
intentional disregard.  Witworth,
59 S.W.3d at 401.  If the evidence
presented by plaintiff negating conscious indifference is uncontroverted, the
trial court abuses its discretion by denying the motion.  Tesch, 28 S.W.3d at 787.  A grant of a thirty day grace period under
13.01(g) may occur at any time after the deadline for filing the expert report
has passed, before trial, and is not limited to the 210 day requirement under
13.01(f).  See McClure v. Landis,
959 S.W.2d 679, 681 (Tex. App.BAustin 1997, pet.
denied) (thirty day grace period granted 249 days after the filing of the
suit).  The period of thirty days begins
on the day the trial court grants the grace period.   Hanzi v. Bailey, 48 S.W.3d 259, 264
(Tex. App.BSan Antonio 2001,  pet. denied). 









In the instant case,
appellants moved for a thirty day grace period under section 13.01(g).  The appellants= attorney presented a compelling and
uncontroverted reason for his failure to meet the deadline.  The trial court then was required by statute
to grant the thirty day grace period.  A
grace period was indeed granted, but it ran from the date that the original 180
day period for furnishing the expert report ended, rather than from the date that
the order granting the grace period was signed. 
Under section 13.01(g), the trial court should have granted thirty days,
beginning on June 1, 2000 and ending on July 1, 2000, as a grace period for
appellant to furnish opposing counsel with the expert report and curriculum
vitae.  Appellant easily met this time
frame, as the documents were mailed on June 19 and received on June 22.  Nonetheless, the trial court dismissed the
action on June 20, even though the statutory thirty day period should not have
yet ended.

Therefore, we find
that the trial court was required to grant a thirty day window for filing of
the claim under 13.01(g), and the dismissal of the action prior to the
thirty-day window=s expiration was an
abuse of discretion.

Conclusion

For the reasons stated
above, we reverse the trial court judgment dismissing this case with prejudice
and remand to the trial court for further proceedings consistent with this
opinion.

 

ERRLINDA CASTILLO

Justice

Publish.

Tex. R. App. P.
47.3(b).

 

Opinion delivered and filed

this 22nd day of August, 2002.











[1]All
the defendants with the exception of McAllen Medical Center and Dr. Canales
were subsequently non-suited.





[2]June
17 is thirty days after May 18, but June 17, 2000 fell on a Saturday.  Therefore, since the extension was granted
retroactively from the date of the original deadline, the filing deadline was
June 19, 2000.  See Tex. R. Civ. P. 4.