Melissa **CASTELLANO** and Albert Castellano, III, Appellants,

v.

Joseph R. **GARZA**, M.D., Appellee.

No. 04–01–00744–CV.

Court of Appeals of Texas, San Antonio.

April 9, 2003.

71

Robert P. Wilson, Law Office of Robert P. Wilson, San Antonio, for Appellants.

Thomas F. Nye and Linda C. Breck, George G. Brin, Sandra C. Zamora, Brin & Brin, P.C., San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, and SARAH DUNCAN, Justice.

Opinion by: PAUL W. GREEN, Justice.

The trial court dismissed this medical malpractice action because appellants Melissa and Alfred Castellano failed to file expert medical reports in accordance with article 4590i of the Texas Medical Liability and Insurance Improvement Act. *See* Tex.R. Civ. Stat. art. 4590i § 13.01 (Vernon Supp.2002). In seven issues on appeal, the Castellanos argue that dismissal was an abuse of the trial court's discretion because the failure to file a report was not intentional or the result of conscious indifference. We affirm the judgment of the trial court.

### Background

During surgery to correct a fertility problem, Dr. Joseph Garza accidently perforated Melissa Castellano's bowel. Melissa developed severe sepsis and respiratory distress requiring an extended hospital stay and ongoing followup care after her release. She and her husband filed suit, alleging that Dr. Garza: (1) negligently performed the surgery such that the bowel was perforated; (2) failed to follow the standard of care for the surgery in a manner that caused the perforated bowel; and (3) failed to properly monitor Melissa after surgery to prevent further complications.[2]

More than 180 days after suit was filed, Dr. Garza filed a motion to dismiss under article 4590i on grounds that the Castellanos had failed to timely file required expert reports. In response to the motion to dismiss, counsel for the Castellanos admitted he had not filed a timely expert report regarding Dr. Garza's alleged negligence but argued that the failure was excused because the Castellanos had never received a copy of Dr. Garza's operative report. The trial court found counsel's

decision not to provide an expert report based upon the available information was intentional, therefore, article 4590i required dismissal of the claims. We agree.

### Scope and Standard of Review

Article 4590i of the Texas Revised Civil Statutes requires the plaintiff in a medical malpractice case to file an expert report or reports, including the experts' opinions and qualifications, to support the claim against each defendant in the lawsuit. Tex.Rev.Stat. Ann. art. 4590i § 13.01(d)(1) (Vernon Supp.2002). An expert report is a written report that "provides a fair summary of the expert's opinions *as of the date of the report* ..." *Id.* at § 13.01(r)(6) (emphasis added). This report must be filed within 180 days of the date the petition is filed. *Id.* at § 13.01(d)(1).

The plaintiff may request one extension of 30 days from the court or the parties may agree to extend the deadline. *Id.* at § 13.01(f, h). If the plaintiff fails to timely file the required report, the trial court, on the motion of the defendant, *shall* enter an order dismissing the action against that defendant with prejudice to refiling. *Id.* at § 13.01(e)(3) (emphasis added). However, if the trial court finds the failure to file "was not intentional or the result of conscious indifference but was the result of an accident or mistake," the trial court shall grant a grace period of 30 days to comply. *Id.* at § 13.01(g).

We review the trial court's section 13.01 dismissal under an abuse of discretion standard. *Hanzi v. Bailey,* 48 S.W.3d 259, 262 (Tex.App.-San Antonio 2001, pet. denied). The trial court abuses its discretion when it acts without refer-

---

2. The Castellanos originally filed suit against Dr. Garza and Baptist Memorial Hospital System d/b/a St. Luke's Baptist Hospital. The hospital settled with the Castellanos and was dismissed from this appeal.

ence to any guiding rules or principles. *Id.* To apply this standard, we defer to the trial court's factual determinations but review questions of law *de novo.* Where some evidence of substantive and probative value exists to support the trial court's decision, no abuse of discretion occurs. *Id.*

### Discussion

 Article 4590i does not define the terms "intentional" or "conscious indifference." However, numerous courts have considered what constitutes an "accident" or "mistake" sufficient to invoke the grace period of section 13.01(g). *See Schorp v. Baptist Mem. Health Sys.,* 5 S.W.3d 727, 732 (Tex.App.-San Antonio 1999, no pet.) (collecting cases). "Some excuse, but not necessarily a good excuse, is enough to warrant an extension to file an expert report *as long as the act or omission causing the failure to file the report was in fact accidental.*" *Tesch v. Stroud,* 28 S.W.3d 782, 787 (Tex.App.-Corpus Christi 2000, pet. denied) (emphasis in original). Generally, an accident or mistake is characterized by inadequate knowledge of the facts or an unexpected happening that precludes compliance.[3] *De Leon v. Vela,* 70 S.W.3d 194, 200 (Tex.App.-San Antonio 2001, pet. denied); *Nguyen v. Kim,* 3 S.W.3d 146, 151 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Conscious indiffer-

ence, on the other hand, means failing to take some action which would seem indicated to a person of reasonable sensibilities under similar circumstances.[4] *De Leon,* 70 S.W.3d at 200-01; *Finley v. Steenkamp,* 19 S.W.3d 533, 539 (Tex.App.-Fort Worth 2000, no pet.). The burden is on the plaintiff seeking an extension to show some evidence of accident or mistake. It is then the defendant's burden to controvert the plaintiff's evidence of accident. *Finley,* 19 S.W.3d at 539.

 In this case, counsel for the Castellanos testified he was concerned that his expert's report would be inadequate because the expert was unable to review Dr. Garza's operative report. However, a review of the Castellanos' expert report, provided well after the 180 day deadline, shows that the expert expressed at least some opinions based on information available to Dr. Garza at the time he decided to proceed with the surgery. For example, the Castellanos' expert criticized Dr. Garza's initial decision to operate in light of Melissa's history of scarring and Dr. Garza's alleged failure to properly warn Melissa of the risks of surgery. The operative report would have added nothing to the expert's opinion on these issues.

There is no evidence counsel for the Castellanos was not familiar with the re-

---

3. Courts have found mistake or accident under the following circumstances: (1) attorney mistakenly believed paralegal had timely sent the report and provided report immediately upon learning of mistake; (2) plaintiff believed requirement as to one defendant was met by providing report about another defendant; and (3) there was a calendaring error. *See Tesch,* 28 S.W.3d at 788 (collecting cases).

4. Courts have held the trial court did not abuse its discretion by dismissing under the following facts: (1) attorney's excuse was that plaintiff missed appointments and expert had not returned calls; (2) attorney accepted case late on referral, had large amount of work to

do on case, and believed opposing counsel would not enforce deadline; (3) attorney submitted unsigned affidavit for settlement purposes and believed he would be allowed additional time to provide proper report if case did not settle, but evidence showed opposing counsel sent letters refuting this suggestion and warned plaintiff the initial report was inadequate; (4) facts refuted attorney's claim he was unaware of 180 day deadline; and (5) attorney mistakenly thought scheduling order set different deadline for expert report but order on its face did not address the section 13.01 reports. *See Tesch,* 28 S.W.3d at 788 (collecting cases).

quirements of article 4590i or that he miscalculated the dates for filing. Although he claims the operative report was essential, counsel did not file a motion to compel production of the operative report or to compel Dr. Garza's deposition. *See Walker v. Thornton*, 67 S.W.3d 475, 481 (Tex. App.-Texarkana 2002, no pet.) (counsel's inaction may be evidence of conscious indifference). Instead, he made a conscious decision to withhold an expert report in hopes of obtaining additional discovery. Under these facts, the trial court did not abuse its discretion in dismissing the case pursuant to article 4590i, section 13.01.[5] For the same reasons, the trial court did not abuse its discretion in denying the Castellanos' motion for new trial.

### Conclusion

Because the record evidence supports the trial court's decision to dismiss the Castellanos' claims with prejudice, we overrule their issues and affirm the judgment of the trial court. Costs of this appeal are taxed against the appellants, Melissa Castellano and Albert Castellano, III.

---

5. Counsel for the Castellanos has suggested that Dr. Garza did not controvert the plaintiffs' evidence of accident, therefore, an issue of fact as to mistake exists and the extension must be granted. *See Schorp*, 5 S.W.3d at 732. However, the evidence itself suggests a deliberate act that does not rise to the level of accident or mistake. *See Doades v. Syed*, 94 S.W.3d 664, 672–73 (Tex.App.-San Antonio 2002, no pet.) (counsel's affidavit failed to show mistake). Further, Dr. Garza pointed out inconsistencies in counsel's actions from which the trial court could have concluded that counsel for the Castellanos was aware of the requirements of the statute but made a deliberate decision not to file the required report. *See Nguyen*, 3 S.W.3d at 153 (evidence in counsel's own affidavit conflicted with his stated excuse for failure to file).