In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00064-CV
______________________________


DENNIS RITTENHOUSE, Appellant
 
V.
 
SABINE VALLEY CENTER FOUNDATION, INC.,
d/b/a OAK HAVEN RECOVERY CENTER, ET AL., Appellees


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 03-0851


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Dennis Rittenhouse appeals the dismissal of his medical malpractice suit against
Sabine Valley Center Foundation, Inc., d/b/a Oak Haven Recovery Center, Dr. Isidore
Joseph Lamothe, Jr., Dr. Shahrokh Safarimary Aki, Millie Brown, Philip Glover, Laura
Henderson, W. Robinson, Jim Louvier, Johnny Oliver, Jr., Twilla Simmons, and Claudia
Gonzales


 due to failure to file an expert report pursuant to Article 4590(i). Rittenhouse's
attorney withdrew shortly before the expert report was due under the statute. Although
Rittenhouse's prior attorney obtained approximately a thirty-day extension with most of the
parties, Rittenhouse did not file a report by the extended deadline. 
          Rittenhouse alleges in his first point of error the trial court abused its discretion by
dismissing his claim when he had timely filed a motion for extension. In his second point
of error, Rittenhouse contends the motion to withdraw was defective because it failed to
state the date on which the expert report was due; therefore, the trial court violated
Rittenhouse's due process rights by granting the motion to withdraw. We first address the
unassigned error concerning the lack of a reporter's record. Because the record contains
no objection to the failure to record the proceedings, Rittenhouse has not preserved error
for our review. Next, we address whether Rittenhouse has shown reversible error due to
the denial of the motion for extension. Because there is no reporter's record, we must
presume the trial court reached the correct decision in finding no accident or mistake.
Therefore, the trial court did not err in dismissing the suit. Last, we address whether
Rittenhouse has shown that his due process rights were violated. Because this issue was
not raised before the trial court, any error was waived. We affirm the judgment of the trial
court.
Factual Background
          On August 15, 2003, Rittenhouse sued Oak Haven for improperly removing him
from Xanax,


 which removal allegedly caused him to become delusional and resulted in
injuries and damages. On February 6, 2004, Rittenhouse's counsel filed a motion to
withdraw as Rittenhouse's attorney and sent a copy of the motion to Rittenhouse. 
Although the motion to withdraw was filed five days before the expert report was due,
Rittenhouse's counsel did obtain an agreed extension of the deadline with most of the
parties to file the expert report.


 On February 9, 2004, the trial court granted the motion
to withdraw. On March 15, 2004, Oak Haven and Dr. Lamothe filed motions to dismiss for
failure to file an expert report. On March 18, 2004, Rittenhouse's new counsel filed a
notice of appearance and a motion to extend the deadline for submission of the expert
report. On March 22, 2004, an unsigned expert report dated March 17, 2004, was filed,
and the trial court held a hearing concerning the motions for extension and for dismissal. 
Rittenhouse alleges in his brief that the proceedings were "not electronically recorded." 
          In the record on appeal, there is no reporter's record of the hearing. On April 1,
2004, the trial court denied the motion for extension. The trial court granted both motions
to dismiss April 2, 2004. Discussion
          As a medical malpractice action, this appeal is governed by the Medical Liability and
Insurance Improvement Act as codified in former Section 4590i of the Texas Revised Civil
Statutes. See Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws
985–87, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex.
Gen. Laws 884 (hereafter cited as 1995 Tex. Gen. Laws 985–87). Section 13.01(d) of the
Act provides:
Not later than the later of the 180th day after the date on which a health care
liability claim is filed or the last day of any extended period . . ., the claimant
shall, for each physician or health care provider against whom a claim is
asserted:
 
(1) furnish to counsel for each physician or health care provider one
or more expert reports, with a curriculum vitae of each expert listed in the
report; or
 
                    (2) voluntarily nonsuit the action against the physician or health care
provider.

1995 Tex. Gen. Laws 985–87.

           The trial court denied Rittenhouse's motion to extend and dismissed the lawsuit. 
Rittenhouse has failed to show reversible error on appeal because 1) the error concerning
the lack of a reporter's record is not preserved; 2) we must presume the trial court's
conclusion, that Rittenhouse did not prove that an accident or mistake prevented the timely
filing of an expert report, was correct since there is no reporter's record; and 3) in the
absence of a reporter's record, any error in granting the motion to withdraw has not been
shown to have resulted in harm.
The Error in Failing to Record Proceedings is not Preserved
          Although not raised by Rittenhouse, we note the court reporter apparently failed to
report the hearing held on the motions for extension and to dismiss. Under the Rules of
Appellate Procedure, a court reporter must make a full record of all proceedings unless
excused by agreement of the parties. See Tex. R. App. P. 13.1. However, any error in this
failure was not preserved for appellate review.
          Before the 1997 amendment to the Rules of Appellate Procedure, a record was only
required when requested. Rule 13.1(a) replaced Rule of Appellate Procedure 11(a)(1)
and (2), which required the court reporter to record proceedings only when requested by
the trial court or the attorney for any party. Compare Tex. R. App. P. 13.1(a) with Tex. R.
App. P. 11(a), 49 Tex. B. J. 561 (Tex. and Tex. Crim. App. 1986, amended 1997). Rule of
Appellate Procedure 13.1(a) provides "[t]he official court reporter or court recorder must: 
(a) unless excused by agreement of the parties, attend court sessions and make a full
record of the proceedings." Tex. R. App. P. 13.1(a). 
          We note there is disagreement among the courts of appeals as to the interpretation
and effect of Rule 13.1(a) of the Rules of Appellate Procedure. This Court and the Corpus
Christi Court of Appeals have held the court reporter has a duty to record all proceedings
unless a party expressly waives his or her right to have a court reporter record the
proceedings. Brossette v. State, 99 S.W.3d 277, 284 (Tex. App.—Texarkana 2003, pet.
dism'd, untimely filed); Palmer v. Espey Huston & Assocs., 84 S.W.3d 345, 351 (Tex.
App.—Corpus Christi 2002, pet. denied); Tanguma v. State, 47 S.W.3d 663, 670 (Tex.
App.—Corpus Christi 2001, pet. ref'd), overruled in part, Valle v. State, 109 S.W.3d 500,
508–09 (Tex. Crim. App. 2003) (an objection is still required to preserve error for appellate
review). In contrast, the First District Court of Appeals found that Rule 13.1(a) was in
conflict with Texas Government Code Section 52.046(a) and held that Section 52.046(a)
governs the recording of court reporters.


 As we held in Brossette, the court reporter must
record all proceedings unless the parties expressly waive their right to have a court reporter
record the proceedings. See Brossette, 99 S.W.3d at 284. Unless the parties expressly
waive their right to a record, the court reporter's failure to transcribe the proceedings
violates Rule 13.1(a) and constitutes error.



          Any error here, however, was not preserved for appellate review. The record
contains no indication that any objection was made to the failure of the court reporter to
record the proceedings. Rule 33 provides: "(a) In General. As a prerequisite to presenting
a complaint for appellate review, the record must show that: (1) the complaint was made
to the trial court by a timely request, objection, or motion . . . ." Tex. R. App. P. 33.1(a). In
Valle, the Texas Court of Criminal Appeals held that an objection is still required to
preserve the failure to record the proceedings for appellate review. Valle v. State, 109
S.W.3d 500, 509 (Tex. Crim. App. 2003); Brossette, 99 S.W.3d at 284; see Williams v.
State, 937 S.W.2d 479, 487 (Tex. Crim. App. 1996) (former Rule 11); see also Morin-Spatz
v. Spatz, No. 05-00-01580-CV, 2002 Tex. App. LEXIS 2746, at *24 (Tex. App.—Dallas
Apr. 18, 2002, no pet.) (not designated for publication). We hold that Rittenhouse did not
preserve the error for appellate review.
The Failure to Grant an Extension was not Reversible Error
          Rittenhouse contends the trial court erred in dismissing his suit when he had timely
filed a motion for extension. He contends that his original trial counsel never adequately
informed him of the deadline and that the failure to file the report was due to confusion
surrounding the substitution of counsel. According to Rittenhouse, the motion was timely
filed as a motion under Section 13.01(g) and the trial court was required to grant a thirty-day extension. Because there is no record of the hearing on the motion, or other evidence
of accident or mistake, we overrule Rittenhouse's first point of error.
          Article 4590i, Section 13.01(d) requires a plaintiff asserting a claim against a
healthcare provider or physician to submit an expert report, along with the expert's
curriculum vitae, no later than the 180th day after filing suit.


 The Act requires an expert
report to provide "a fair summary of the expert's opinions . . . regarding applicable
standards of care, the manner in which the care rendered by the physician or health care
provider failed to meet the standards, and the causal relationship between that failure and
the injury, harm, or damages claimed." See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01,
1995 Tex. Gen. Laws 985–87. 
          If an expert report is not furnished to each defendant physician or healthcare
provider within 180 days and no extensions are granted, the trial court must dismiss the
suit with prejudice. Dismissal under Article 4590i, Section 13.01(e) is treated as a sanction
and is reviewed for an abuse of discretion. Russ v. Titus Hosp. Dist., 128 S.W.3d 332, 339
(Tex. App.—Texarkana 2004, pets. denied [2 pets.]); see Am. Transitional Care Ctrs. v.
Palacios, 46 S.W.3d 873, 877 (Tex. 2001). Article 4590i, § 13.01(e) states:
If a claimant has failed, for any defendant physician or health care provider,
to comply with Subsection (d) of this section within the time required, the
court shall, on the motion of the affected physician or health care provider,
enter an order awarding as sanctions against the claimant or the claimant's
attorney: 
 
(1) the reasonable attorney's fees and costs of court incurred by that
defendant;
 
(2) the forfeiture of any cost bond respecting the claimant's claim
against that defendant to the extent necessary to pay the award; and
 
(3) the dismissal of the action of the claimant against that defendant
with prejudice to the claim's refiling. 

1995 Tex. Gen. Laws 985–87.
          The question before this Court is whether the trial court erred in not granting
Rittenhouse's motion for extension. We review the trial court's ruling on a motion for
extension of time to file an expert report under an abuse of discretion standard. Russ, 128
S.W.3d at 336. "However, to the extent resolution of this issue requires interpretation of
the statute itself, we review under a de novo standard." Buck v. Blum, 130 S.W.3d 285,
290 (Tex. App.—Houston [14th Dist.] 2004, no pet.). An abuse of discretion occurs when
a trial court acts in an arbitrary or unreasonable manner or without reference to any guiding
rules or principles. Russ, 128 S.W.3d at 336; see Moore v. Sutherland, 107 S.W.3d 786,
789 (Tex. App.—Texarkana 2003, pet. denied). A trial court will be deemed to have acted
arbitrarily and unreasonably if it could have only reached one decision, yet reached a
different decision. Teixeira v. Hall, 107 S.W.3d 805, 807 (Tex. App.—Texarkana 2003, no
pet.). "[A] clear failure by the trial court to . . . apply the law correctly will constitute an
abuse of discretion, . . . ." Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).
          Article 4590i, Section 13.01 provides two methods by which a claimant may receive
an extension to the 180-day deadline. Under Section 13.01(f), "[t]he court may, for good
cause shown after motion and hearing, extend any time period specified in Subsection (d)
of this section for an additional 30 days. Only one extension may be granted under this
subsection." Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01, 1995 Tex. Gen. Laws 985–87. 
Section 13.01(f) has been interpreted by this Court to be discretionary rather than
mandatory. Russ, 128 S.W.3d at 336; Roberts v. Med. City Dallas Hosp., Inc., 988 S.W.2d
398, 402 (Tex. App.—Texarkana 1999, pet. denied). Under the second method, found in
Section 13.01(g), if "the court finds that the failure of the claimant or the claimant's attorney
was not intentional or the result of conscious indifference but was the result of an accident
or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply
with that subsection." Section 13.01(g) has been interpreted to be mandatory on a finding
that the failure was a result of accident or mistake. Russ, 128 S.W.3d at 336; Moore, 107
S.W.3d at 789; Finley v. Steenkamp, 19 S.W.3d 533, 539 (Tex. App.—Fort Worth 2000,
no pet.). An extension under Section 13.01(g) can be obtained for either failure to file a
report or for an inadequate report, provided the failure was not intentional or the result of
conscious indifference. Russ, 128 S.W.3d at 336; In re Morris, 93 S.W.3d 388, 391 (Tex.
App.—Amarillo 2002, orig. proceeding).
          The motion for extension in the instant case does not clearly indicate the subsection
under which an extension was being sought. The motion does recite, though, that good
cause exists for the extension and alleges some facts indicating confusion caused by the
withdrawal of counsel. The motion states in part: 
Plaintiff states that good cause exists to extend said submission time
of said report in that Plaintiff was previously represented by Ray Brooks. 
Mr. Brooks did not notify Plaintiff that he had not secured an expert report
until mid-February, 2004. Mr. Brooks filed a motion to withdraw from
representing Plaintiff on or about February 6, 2004. Plaintiff immediately
began to work on finding an expert who could complete the report and will
be able to file the report within the next ten days. Plaintiff would plead that
once he began [sic] aware of the insufficiency of his claim, he began to
secure substitute counsel and the expert report.

Rittenhouse argues on appeal it is uncontroverted that the failure to file the report was not
intentional or the result of conscious indifference, but rather the result of accident or
mistake. 
          A motion should be construed by its substance to determine the relief sought, not
merely by its form or caption. Russ, 128 S.W.3d at 338; see Surgitek v. Abel, 997 S.W.2d
598, 601 (Tex. 1999). While the motion for extension quotes the standard for a motion
under Section 13.01(f), i.e., "good cause," the motion also alleges facts sufficient to
constitute an accident or mistake. The motion alleges that the confusion surrounding the
withdrawal of counsel resulted in the failure to file the expert report. While the motion does
not quote the standards of Section 13.01(g), the facts alleged in the motion are sufficient
to indicate an accident or mistake similar to the situation in Russ. The motion is sufficient
to request an extension under Section 13.01(g).
          The motion was timely filed under Section 13.01(g). A motion under Section
13.01(g) "shall be considered timely if it is filed before any hearing on a motion by a
defendant under Subsection (e) of this section." 1995 Tex. Gen. Laws 985–87. Because
the motion for extension was filed several days before the hearing, the motion to extend
was timely filed under Section 13.01(g). See Russ, 128 S.W.3d at 337. The remaining
question is whether Rittenhouse has shown that the trial court committed reversible error
in denying the motion.
          An extension under Section 13.01(g) requires a finding that the failure was not the
result of conscious indifference or intentional, but rather the result of a mistake or accident. 
Id. at 336. Although the extension is mandatory once it is established that the failure was
not due to intentional or conscious indifference but rather to an accident or mistake,
Rittenhouse has failed to present some evidence that the failure to furnish the report was
due to an accident or mistake. Rittenhouse had the burden to show some evidence of
accident or mistake to demonstrate he did not act intentionally or with conscious
indifference. Tesch v. Stroud, 28 S.W.3d 782, 787 (Tex. App.—Corpus Christi 2000, pet.
denied); Schorp v. Baptist Mem'l Health Sys., 5 S.W.3d 727, 732 (Tex. App.—San Antonio
1999, no pet.). It is then the defendant's burden to controvert the plaintiff's evidence of
mistake, or else an issue of mistake exists and an extension of time must be granted. 
Tesch, 28 S.W.3d at 787; Finley, 19 S.W.3d at 539; Schorp, 5 S.W.3d at 732. Because
there is no reporter's record on appeal and no affidavits were filed in support of the motion,
there is no evidence that the failure to file the expert report was due to an accident or
mistake. 
          We note that we held in Russ that an attorney's unsworn statements at a hearing
could conclusively establish that the failure to file a report was due to an accident or
mistake and not intentional or the result of conscious indifference. However, that
conclusion was based on the opponent's failure to object to the unsworn statements during
the hearing on the issue. The general rule is that an attorney's statements must be under
oath to constitute evidence. Russ, 128 S.W.3d at 338; see Banda v. Garcia, 955 S.W.2d
270, 272 (Tex. 1997); Presbyterian Healthcare Sys. v. Afangideh, 993 S.W.2d 319, 323
(Tex. App.—Eastland 1999, pet. denied). However, such error is waived by the failure to
object when the opponent knew or should have known an objection was required. Russ,
128 S.W.3d at 338; Moore, 107 S.W.3d at 793; Knie v. Piskun, 23 S.W.3d 455, 463 (Tex.
App.—Amarillo 2000, pet. denied). In Russ, we held that the "evidentiary nature of the
statements was obvious, particularly after the attorney had offered to take the witness
stand," and concluded "the failure of either defense counsel to object waived the
requirement that the statement be made under oath." Russ, 128 S.W.3d at 338. This
case is distinguishable from Russ, because there is no reporter's record of the hearing. 
There was a reporter's record in Russ. Without a reporter's record of the hearing, there
is no evidence of the reason for the failure to file the expert report.
          When a reporter's record is necessary for appellate review and the appellant fails
to file the reporter's record, a presumption arises that the reporter's record would support
the trial court's judgment.


 We note that Rittenhouse alleges facts on appeal sufficient to
show that the failure to file was not intentional or due to conscious indifference, but rather
due to an accident or mistake. Rittenhouse alleges that the confusion surrounding the
substitution of counsel resulted in the failure to file the report. "Generally, an accident or
mistake is characterized by inadequate knowledge of the facts or an unexpected
happening that precludes compliance." Castellano v. Garza, 110 S.W.3d 70, 73 (Tex.
App.—San Antonio 2003, no pet.). As we noted in Russ and Moore, the accident or
mistake need not necessarily be a good excuse, provided the act or omission was, in fact,
an accident or mistake. Russ, 128 S.W.3d at 338–39; Moore, 107 S.W.3d at 792. If the
failure to file an expert report resulted from an accident or mistake, even negligence does
not defeat a right to an extension. Russ, 128 S.W.3d at 339; see Moore, 107 S.W.3d at
792; Roberts, 988 S.W.2d at 403. Further, even some mistakes of law may negate a
finding of intentional conduct or conscious indifference, entitling the claimant to an
extension. Bank One, Tex., N.A. v. Moody, 830 S.W.2d 81, 84 (Tex. 1992).


 However,
without a reporter's record, we must presume the trial court was correct in finding that the
failure in the instant case was not due to an accident or mistake.
          Rittenhouse has not shown he was entitled to an extension under Section 13.01(g). 
Without evidence establishing an accident or mistake, we must presume the trial court's
decision was correct. Because no expert report was filed by the deadline and Rittenhouse
has not shown he was entitled to an extension, dismissal was mandatory under the statute. 
Therefore, the trial court did not err in dismissing the suit with prejudice. We overrule
Rittenhouse's first point of error.
Rittenhouse's Due Process RightsAccording to Rittenhouse's second point of error, the granting of Rittenhouse's first
attorney's motion to withdraw violated Rittenhouse's due process rights. While the record
does not indicate when Rittenhouse retained his current counsel, the notice of appearance
was not filed until after the deadline to file a report had passed. Rittenhouse argues that
the failure to specify the date of the expert report deadline in the motion violated his right
to due process.
          An attorney may withdraw from representation of a client only if the attorney satisfies
the requirements of Rule 10 of the Texas Rules of Civil Procedure. Rogers v. Clinton, 794
S.W.2d 9, 10 n.1 (Tex. 1990). Rule 10 provides that "the motion shall state: that a copy
of the motion has been delivered to the party; that the party has been notified in writing of
his right to object to the motion; whether the party consents to the motion; the party's last
known address and all pending settings and deadlines." Tex. R. Civ. P. 10 (emphasis
added). We note that the failure to specify any pending settings or deadlines may violate
the client's right to due process. Misium v. Misium, 902 S.W.2d 195, 197 (Tex.
App.—Eastland 1995, writ denied). While the motion did acknowledge there was a
deadline, the motion did not provide a date for the deadline.


 
          Even if the failure to specify the date of the deadline for the expert report violated
Rittenhouse's due process rights, the error, if any, was waived. Fundamental error is very
limited in Texas jurisprudence. ''Fundamental error survives today in those rare instances
in which the record shows the court lacked jurisdiction or that the public interest is directly
and adversely affected as that interest is declared in the statutes or the Constitution of
Texas.'' Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex. 1982). Alleged error, including
claims that an individual's constitutional rights were violated, is waived if not asserted in the
trial court.


 There is no indication in the record Rittenhouse preserved error by objecting
to the motion to withdraw or raised the issue of whether his due process rights were
violated at the trial court level. Because error was waived, we overrule Rittenhouse's
second point of error.
Conclusion
          Rittenhouse has failed to show reversible error on appeal. Any error concerning the
lack of a reporter's record was not preserved for appellate review. In the absence of a
reporter's record, we must presume the trial court was correct in concluding Rittenhouse
did not prove that an accident or mistake prevented the timely filing of an expert report. 
Any violations of Rittenhouse's due process rights were waived. 
          We affirm the judgment. 


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      January 20, 2005
Date Decided:         February 3, 2005