Cheryl TESCH, Appellant,

v.

David W. STROUD, M.D., Appellee.

No. 13–99–318–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 2000.

Sheryl Gray Rasmus, Austin, for Appellant.

Stephen R. Baxley, James R. Boston, Jr., Matthew B.E. Hughes, Boston & Hughes, Houston, for Appellee.

Before Justices HINOJOSA, CHAVEZ, and RODRIGUEZ.

## O P I N I O N

Opinion by Justice HINOJOSA.

Appellant, Cheryl Tesch, appeals the dismissal of her medical malpractice action against appellee, David W. Stroud, M.D. In two issues, appellant contends the trial court erred by: (1) dismissing her cause of action, and (2) denying her motion for new trial. We affirm.

### A. BACKGROUND AND PROCEDURAL HISTORY

The 24–year–old appellant filed a medical malpractice action against appellee on May 18, 1998, alleging that appellee's negligent performance of pelvic surgery left her incontinent. The Medical Liability and Insurance Improvement Act ("the Act"), found in article 4590i of the Texas Revised Civil Statutes, governs medical malpractice actions. TEX.REV.CIV. STAT. ANN. art. 4590i (Vernon Supp.2000). The Texas Legislature implemented the Act to address the perceived problem that liti-

gants were filing unmeritorious claims against medical practitioners which were not adequately investigated in a timely manner; this supposedly led doctors to settle such suits, regardless of the merits, and also to expend great amounts of money in defending against ultimately frivolous claims. HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS, Tex. H.B. 971 74th Leg., R.S. (1995); *see also Wood v. Tice,* 988 S.W.2d 829, 830 (Tex.App.—San Antonio 1999, pet. denied); *Horsley–Layman v. Angeles,* 968 S.W.2d 533, 537 (Tex.App.— Texarkana 1998, no pet.). To that end, section 13.01(d) of the Act requires the filing of an expert report detailing causation and liability. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d); *Wood,* 988 S.W.2d at 830. The Act requires a plaintiff to either: (1) provide the counsel of each physician and health care provider sued with one or more expert reports, including a curriculum vitae for each expert, or (2) voluntarily nonsuit the defendant. An "expert report" means:

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(r)(6)(Vernon Supp.2000). One of these actions must be taken no later than the 180th day after the filing of the claim. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d)(Vernon Supp.2000). The parties may agree to extend this deadline; such an agreement is binding and shall be honored by the court if signed by the parties or their counsel and filed with the court. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(h)(Vernon Supp.2000). It is undisputed that appellant failed to file the required expert report by the 180th day after her suit was filed, and that she has never filed the required expert report.

If a plaintiff fails to comply with the requirement of furnishing an expert report to each physician and health care provider she has sued by the 180th day after filing her lawsuit, and has not voluntarily dismissed the suit, the trial court

> shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney:
>
> (1) the reasonable attorney's fees and cost of court incurred by that defendant;
>
> (2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and
>
> (3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(e)(Vernon Supp.2000).

On January 13, 1999, appellee filed a motion to dismiss the action based on appellant's failure to provide him with an expert report and curriculum vitae within the 180–day period after filing. Appellant filed a response to the motion and appeared at the hearing. Her counsel filed an affidavit stating she had an agreement with appellee's counsel to extend the deadline, but that appellee's counsel had failed to return the signed agreement to her. Appellee's counsel filed a counter-affidavit stating that the parties' counsel had an oral agreement concerning a scheduling order to extend discovery deadlines for the designation of experts, but they had no agreement to extend the deadline for presentation of the expert report required by article 4590i, section 13.01(d).

In a letter to appellee's counsel, dated September 18, 1998, appellant's counsel set out a proposed scheduling order. The letter states:

The following is intended to set out the Agreed Scheduling Order between counsel for the parties in this matter.

Trial will be set in the 377th Judicial District Court of Victoria County in October, 1999. As soon as the Court's trial schedule is available the case will be set.

Both Plaintiff and Defendant will file all pleadings no later than September 15, 1999.

Defendant's discovery deadline is September 1, 1999.

Plaintiff's discovery deadline is August 18, 1999.

Mediation will be scheduled and concluded no later than September 15, 1999.

Plaintiff will designate her experts in this matter no later than December 15, 1998.

Defendant will designate his experts in this matter no later than February 1, 1999.

The parties agree to work with each other in scheduling hearings, depositions or any matters so that they may be set at a time convenient for counsel, the court or witnesses, as necessary.

If this is consistent with your recollection of our agreement, please sign in the space provided below and return to me. I will file this letter with the Court pursuant to Rule 11 requirements of the Texas Rules of Civil Procedure.

The Act also provides that if the plaintiff has failed to comply with the section 13.01(d) deadline and:

> after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g)(Vernon Supp.2000).

In her response to appellee's motion to dismiss, appellant moved the court to grant her a thirty-day grace period. Appellant's counsel argued that the "misunderstanding" about extending the deadline for filing the expert report constituted a mistake, and that the trial court should grant the thirty-day grace period. The trial court disagreed, and dismissed the action. The court made the following findings in its dismissal order:

4. That neither the discussion between counsel nor the unsigned proposed scheduling order drafted by Plaintiff's counsel touched on or mentioned extending the requirements of TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01;

5. That Plaintiff's counsel believed that the dates to designate experts set out in the proposed scheduling order also applied to the requirements of TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d);

6. That defense counsel did not consider the proposed scheduling order to apply to or extend the deadlines set out in TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d);

7. That Plaintiff complied with TEX. REV.CIV. STAT. ANN. art. 4590i, § 13.01(g) in timely filing for relief;

8. Plaintiff's failure to provide an expert report with a curriculum vitae as required by TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) was not intentional nor the result of conscious indifference.

9. However, the Court finds, as a matter of law, that Plaintiff's action in conduct was not a "mistake" as contemplated by TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g); and

10. The court also finds Plaintiff showed no good cause sufficient to grant relief under Art. 4590i, § 13.01(f).

Appellant timely filed a motion for new trial, urging the same grounds on which she argued the case should not be dismissed. An order denying appellant's mo-

tion for new trial was signed on March 12, 1999.

In her first issue, appellant contends the trial court abused its discretion by refusing to grant her a thirty-day grace period after finding that her noncompliance with the Act was a mistake or accident resulting from her counsel's misunderstanding of the statute. In her second issue, appellant contends the trial court abused its discretion by denying her motion for new trial "even though the trial court found the existence of a mistake and the absence of intent or conscious indifference."

### B. Standard of Review: Dismissal for Failure to File Expert Report

The dismissal of a medical malpractice lawsuit under section 13.01 for failure to file an expert report is reviewed under an abuse of discretion standard. *Finley v. Steenkamp*, 19 S.W.3d 533, 538 (Tex.App.—Fort Worth 2000, no pet. h.); *Jackson v. Reardon*, 14 S.W.3d 816, 818 (Tex.App.—Houston [1st Dist.] 2000, no pet. h.); *Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 731 (Tex.App.—San Antonio 1999, no pet.); *Martinez v. Lakshmikanth*, 1 S.W.3d 144, 146 (Tex.App.—Corpus Christi 1999, pet. denied); *Nguyen v. Kim*, 3 S.W.3d 146, 151 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Presbyterian Healthcare Sys. v. Afangideh*, 993 S.W.2d 319, 321 (Tex.App.—Texarkana 1999, pet. denied). *Cf. Palacios v. American Transitional Care Ctrs. of Tex., Inc.*, 4 S.W.3d 857, 860 (Tex.App.—Houston [1st Dist.] 1999, pet. filed) (applying the standard of review applicable to no-evidence summary judgments in determining whether a timely-filed report qualifies as an expert report). To establish abuse of discretion, the complaining party must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the case. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984). Stated differently, abuse of discretion is determined by examining whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

### C. Extension Available Under Section 13.01(f)

Section 13.01(f) of the Act provides:

The court may, for good cause shown after motion and hearing, extend any time period specified in Subsection (d) of this section for an additional 30 days. Only one extension may be granted under this subsection.

Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(f)(Vernon Supp.2000). This section was intended for use when a plaintiff "needs a little extra time to comply" with the 180–day deadline. *Roberts v. Medical City Dallas Hosp.*, 988 S.W.2d 398, 402 (Tex.App.—Texarkana 1999, no pet.); *Estrello v. Elboar*, 965 S.W.2d 754, 758 (Tex. App.—Fort Worth 1998, no pet.) In *Roberts*, the court stated:

[T]he language of section 13.01(f) states that the trial court *may* grant an extension on a showing of good cause. The use of the word "may" in a statute shows that the provision is directory and not mandatory. When a trial court's function is directory and not mandatory, the reviewing court should give deference and wide latitude to the decision of the trial court. We should only reverse upon a showing of a clear abuse of discretion.... Even if the Robertses showed good cause, the trial court was still within its discretion to grant or deny the section 13.01(f) extension. (Citations omitted).

*Roberts*, 988 S.W.2d at 402.

In this case, appellant did not specifically request a section 13.01(f) extension. If she had timely filed such a request, the trial court could have extended the time for filing the expert report only for thirty days (210 days after the filing of the lawsuit). *See Id.*

The appellee filed his motion to dismiss on January 13, 1999, the 240th day after

the case was filed. Appellant filed her response and motion sometime between then and the date of the hearing on February 1, 1999,[1] long after the 210th day after her case was filed. Appellant has never filed the required expert report.

Even if appellant had timely filed her motion for extension and showed good cause, it was within the trial court's discretion to grant or deny the extension. *Schorp,* 5 S.W.3d at 732; *Roberts,* 988 S.W.2d at 402. We conclude the trial did not abuse its discretion by not granting appellant a section 13.01(f) extension.

### D. GRACE PERIOD AVAILABLE UNDER SECTION 13.01(g)

Under section 13.01(g) of the Act, the trial court must grant the claimant a thirty-day grace period in which to file her expert report if the failure to file "was not intentional or the result of conscious indifference but was the result of an accident or mistake." The Act does not define "intentional act," "conscious indifference," "accident," or "mistake." However, because the language of section 13.01(g) is identical to the language used in determining whether to grant a motion for new trial after a default judgment, recent cases have construed these terms to apply in a manner similar to their application in the default judgment context. *See, e.g., Finley,* 19 S.W.3d at 538–39; *Schorp,* 5 S.W.3d at 732; *Nguyen,* 3 S.W.3d at 150–51; *McClure v. Landis,* 959 S.W.2d 679, 681 (Tex.App.—Austin 1997, pet. denied).

▉ An extension of time must be granted if the motion and affidavits filed by the movant set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Finley,* 19 S.W.3d at 539 (citing *Director, State Employees Workers' Compensation Div. v. Evans,* 889 S.W.2d 266, 268 (Tex.1994)). Some excuse, but not necessarily a good excuse, is enough to warrant an extension to file an expert report, *as long as the act or omission causing the failure to file the report was in fact accidental.* *Finley,* 19 S.W.3d at 539; *Horsley–Layman,* 968 S.W.2d at 536. The burden is on the party seeking relief to show some evidence of accident or mistake to demonstrate that he did not act intentionally or with conscious indifference. *Schorp,* 5 S.W.3d at 732. It is then the defendant's burden to controvert the plaintiff's evidence of mistake, or else an issue of mistake exists and an extension of time must be granted. *Finley,* 19 S.W.3d at 539; *Schorp,* 5 S.W.3d at 732.

▉ In determining whether the claimant's failure was intentional or the result of conscious indifference, we look to the knowledge and acts of the party seeking relief. *Nguyen,* 3 S.W.3d at 151. An accident or mistake in this context is generally characterized by the claimant's inadequate knowledge of the facts or by an unexpected happening that precludes compliance. *Finley,* 19 S.W.3d at 539; *Nguyen,* 3 S.W.3d at 151. Conscious indifference, however, means failing to take some action that would seem indicated to a person of reasonable sensibilities under similar circumstances. *Finley,* 19 S.W.3d at 539; *Nguyen,* 3 S.W.3d at 151.

At the hearing on the motion to dismiss, and in her response to the motion, appellant's counsel argued only that appellee's counsel had given her numerous assurances that he would sign the agreed scheduling order that she had drafted and sent to him, but had never done so. Appellant argued this caused her to not comply with the expert report filing deadline. However, a close examination of the proposed scheduling order reveals that it only addressed discovery deadlines for designating experts. It did not address the expert report required to be filed under section 13.01(d).

---

1. It is unclear from the record when appellant filed her response to appellee's motion to dismiss and motion for relief.

The issue in this case comes down to whether appellant's counsel's belief that the existence of the unsigned proposed scheduling order excused her from timely filing the expert report as required by section 13.01(d) constitutes an acceptable mistake such that the trial court abused its discretion in disallowing the thirty-day grace period allowed by section 13.01(g) and dismissing the case with prejudice.

Texas courts have struggled to define the parameters of "accident or mistake" in the context of section 13.01(g), with somewhat varying results. A claimant whose attorney mistakenly believed a paralegal had timely sent the expert report, and who immediately furnished the report upon receiving the defendant's motion to dismiss, was entitled to a new trial after his case was dismissed. *McClure*, 959 S.W.2d at 681–82. A plaintiff who believed that section 13.01(d) was satisfied by the provision of a report about another defendant was entitled to an extension to file a proper report. *Horsley–Layman*, 968 S.W.2d at 536–37. A calendaring error was considered an accident or mistake rather than intentional or due to conscious indifference. *Afangideh*, 993 S.W.2d at 322–23. Mere negligence, such as failing to read the statute, does not amount to an intentional act or conscious indifference. *Roberts*, 988 S.W.2d at 403.

However, a trial court did not abuse its discretion in dismissing a case where the plaintiff's attorney's only excuse for failing to meet the deadline was that the plaintiff had missed several appointments and the expert did not return her phone calls. *Estrello*, 965 S.W.2d at 754–58. A trial court did not abuse its discretion in dismissing a suit in which the attorney's reasons for not timely filing the expert report included the late date the case was referred to him, the large amount of work demanded by the case and others he was handling, and his assumption that opposing counsel would not enforce the statutory deadline. *Broom v. MacMaster*, 992 S.W.2d 659, 664 (Tex. App.—Dallas 1999, no pet.). No accident or mistake existed justifying the claimant's failure to timely file a proper expert report where the attorneys discussed a deadline extension, but no written signed agreement was ever entered into, and a letter from the defendant's counsel to the plaintiff's counsel was adequate warning that his first expert report was inadequate (because it did not contain the name or qualifications of the expert making the report), and that the 180–day deadline would run out in 26 days. *Schorp*, 5 S.W.3d at 732–33. A trial court did not abuse its discretion in dismissing a case for failure to timely file an expert report where the facts refuted the claimants' assertion that they were unaware of the 180–day deadline for filing the report. *Nguyen*, 3 S.W.3d at 153–54.

The facts in *Finley* are similar to the facts of this case. *Finley*, 19 S.W.3d at 536–40. Finley filed a medical malpractice suit on October 20, 1997, but failed to timely file an expert report. *Id.* at 537. Five days after the defendant filed a motion to dismiss, Finley filed a list of designated experts, an expert report, and a motion for extension of time to file the expert report. Finley alleged that his failure to timely file the report was not intentional or the result of conscious indifference, but was due to accident or mistake because, *inter alia*, the trial court had entered a scheduling order on May 31, 1998, designating October 19, 1998 as Finley's deadline for designating his expert witnesses and filing his expert report. *Id.* The trial court dismissed the case. *Id.* at 538.

In upholding the dismissal of the case, the Fort Worth Court of Appeals held that Finley's argument failed for a number of reasons. One reason was that the scheduling order (which was entered after the 180–day period for filing the expert report) did not address the filing of the expert report. The court stated:

the trial court's scheduling order does not "designate October 19, 1998 as Appellant's deadline to ... provide expert

reports," as Finley contends. Instead, the order specifies that Finley was required to provide the name of each of his expert witnesses expected to testify at trial, along with the expert's address and the topic of the witness's testimony, no later than October 19, 1998. Nothing in the court's scheduling order implied that it was altering the date on which the expert report was required by article 4590i was due.

*Id.* at 539–40.

 In the instant case, appellant's counsel claimed she thought the proposed scheduling order addressed the section 13.01(d) requirement when it clearly did not. Additionally, the order in this case was a proposed scheduling order; it was not signed by appellee's counsel or filed with the trial court. Even if the proposed scheduling order had explicitly extended the deadline for filing the expert report, appellant's counsel was not justified in relying on it given the Act's explicit requirement that any agreement between the parties to extend the section 13.01(d) deadline must be in writing and signed by both parties or their counsel and filed with the court. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(h). No "person of reasonable sensibility under similar circumstances" would rely on an oral agreement to extend the expert report deadline. *See Finley*, 19 S.W.3d at 539; *see also Nguyen*, 3 S.W.3d at 151.

We hold the trial court did not abuse its discretion: (1) in finding that appellant's failure to timely file her expert report, as required by section 13.01(d) of the Act, was not due to an accident or mistake; (2) in denying appellant's motion for a thirty-day grace period in which to file her expert report; and (3) in dismissing appellant's suit. Appellant's first issue is overruled.

### E. STANDARD OF REVIEW: MOTION FOR NEW TRIAL

A new trial may be granted and a judgment set aside for good cause. TEX.R. CIV.

P. 320. The denial of a motion for new trial is also reviewed by an abuse of discretion standard. *Cliff v. Huggins,* 724 S.W.2d 778–79 (Tex.1987).

In her motion for new trial, appellant urged the same ground as she urged in her response to appellee's motion for dismissal. We have already held the trial court did not abuse its discretion in dismissing appellant's case. We also hold the trial court did not abuse its discretion in denying appellant's motion for new trial. Appellant's second issue is overruled.

The judgment of the trial court is affirmed.