NUMBER 13-03-024-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

MARGARITA THOMAS AND MICHAEL THOMAS,               Appellants,

v.

GARTH VAZ, M.D.,                                                            Appellee.
___________________________________________________________________

On appeal from the 25th District Court
of Gonzales County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez

         Appellants, Margarita and Michael Thomas, appeal from the trial court’s
dismissal of their medical malpractice suit. By three points of error, appellants contend
that the trial court erred in: (1) granting appellee’s motion to dismiss based on an
insufficient expert report; (2) denying appellants’ request for leave to amend the expert
report; and (3) denying appellants’ motion for new trial. We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. MOTION TO DISMISS
A. Standard of Review
         We review a trial court’s decision to dismiss a case under former article 4590i,
section 13.01(e), of the Texas’ Medical Liability and Insurance Improvement Act under
an abuse-of-discretion standard. See Am. Transitional Care Ctrs. of Tex., Inc. v.
Palacios, 46 S.W.3d 873, 878 (Tex. 2001); Tesch v. Stroud, 28 S.W.3d 782, 786
(Tex. App.–Corpus Christi 2000, pet. denied). “A trial court abuses its discretion if
it acts in an arbitrary or unreasonable manner without reference to any guiding rules
or principles.” Bowie Mem. Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002). A trial
court's determination is arbitrary and unreasonable if it could reasonably have reached
only one decision, but reached another. Morrill v. Third Coast Emergency Physicians,
P.A., 32 S.W.3d 324, 327 (Tex. App.–San Antonio 2000, pet. denied) (citing Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)). We may not substitute our own
judgment for that of the trial court and must examine the evidence in the light most
favorable to the trial court’s order. Bowie, 79 S.W.3d at 52; Rittmer v. Garza, 65
S.W.3d 718, 722 (Tex. App.–Houston [14th Dist.] 2001, no pet.). 
B. Analysis
         By their first point, appellants contend that the trial court erred in granting
appellee’s motion to dismiss based on the insufficiency of the expert medical report. 
An expert report, as defined in the Medical Liability and Insurance Improvement Act,
is a written report by an expert that provides (1) a fair summary of the expert’s
opinions as of the date of the report regarding applicable standards of care, (2) the
manner in which the care rendered by the physician or health care provider failed to
meet the standards, and (3) the causal relationship between that failure and the injury,
harm, or damages claimed. See Act of April 19, 1977, 65th Leg., R.S., ch. 817,
1977 Tex. Gen. Laws 2039, 2064 [hereinafter "former article 4590i, section 13.01"],
repealed by Act of May 16, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen.
Laws 847 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon
Supp. 2004))


; Palacios, 46 S.W.3d at 878. A trial court may grant a motion to
dismiss based on the inadequacy of an expert report “if it appears to the court, after
hearing, that the report does not represent a good faith effort to comply with the
[requirements] of an expert report.” See Act of April 19, 1977, 65th Leg., R.S., ch.
817, 1977 Tex. Gen. Laws 2039, 2064 (repealed 2003). To constitute a good-faith
effort, a report must fulfill two purposes. Palacios, 46 S.W.3d at 879. “First, the
report must inform the defendant of the specific conduct the plaintiff has called into
question. Second, and equally important, the report must provide a basis for the trial
court to conclude that the claims have merit.” Id. However, an expert report cannot
constitute a good faith effort to comply with the requirements of the Act “it if omits
any of the statutory requirements.” Id. 
         In the present case, appellee requested dismissal of the lawsuit on the grounds
that the expert report (1) omitted a statement of the applicable standard of care and
(2) contained only conclusory statements of the causal relationship between appellee’s
actions and the alleged injury. The Texas Supreme Court has found “[i]dentifying the
standard of care [to be] critical . . . .” Id. at 880. An expert must do more than
“simply state that he or she knows the standard of care and conclude[ ] that it was
[or was not] met.” Id. at 880 (citing Chopra v. Hawryluk, 892 S.W.2d 229, 233 (Tex.
App.–El Paso 1995, writ denied)). 
         Appellants contend that the expert report provides the specific medical
standards applicable in this case and that it provided a basis for the trial court to
conclude their claim had merit. Our review of the expert report, however, reveals
otherwise. The report states that the expert is familiar with the standard of care for
the safe dissection of the bladder and is qualified to render an expert’s opinion. The
report then outlines Margarita Thomas’s medical history and the procedures used by
appellee during her second Caesarean section on August 6, 1999. The report lists
three specific “departures from the standard of care.” In support of their argument,
appellants focus on several instances where the report calls into question specific
actions of appellee. However, appellants cannot overcome their burden of laying out
the standard of care by merely providing a chronology of events and listing the ways
in which they believe appellee departed from an unspecified standard. 
         Appellants further argue that the standard of care set out in this case was a
“sharp dissection of the bladder.” However, an expert medical report needs to set
forth the standard of care in sufficient detail so as to provide the defendant with
specific information about what should have been done differently. See id. We do not
agree with appellants’ contention that the “sharp dissection of the bladder” provides
specific information about the applicable standard of care. See id. We thus find that
the trial court did not abuse its discretion in concluding that the expert report failed to
set forth the standard of care and, thus, did not meet the statutory requirements. 
         A trial court may dismiss a claim if it finds the expert report inadequate in laying
out either (1) the standard of care, (2) breach, or (3) causation. See Act of April 19,
1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2064 (repealed 2003). 
Because the trial court did not abuse its discretion in concluding that the expert report
failed to set forth the standard of care, we need not address whether the trial court
could also have reasonably found the expert report to be inadequate in laying out the
causal relationship between the alleged injury and appellee’s conduct.
         We therefore conclude that the trial court did not abuse its discretion in granting
appellee’s motion to dismiss. Appellant’s first point of error is overruled. 
III. REQUEST FOR LEAVE TO AMEND
         By their second point of error, appellants contend that the trial court erred in
denying appellants’ request for leave to amend the expert report. We review a trial
court’s denial of a request for leave to amend under former article 4590i, section
13.01(g), under an abuse-of-discretion standard. Walker v. Gutierrez, 111 S.W.3d 56,
63 (Tex. 2003). 
         Section 13.01(g) requires a trial court to grant a grace period of thirty days to
permit the claimant to comply with the requirements set forth in the section if “the
court finds that the failure of the claimant or the claimant’s attorney was not
intentional or the result of conscious indifference but was the result of an accident or
mistake . . . .” See Act of April 19, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen.
Laws 2039, 2064 (repealed 2003). “The burden is on the party seeking relief to show
some evidence of accident or mistake to demonstrate that he did not act intentionally
or with conscious indifference.” Tesch v. Stroud, 28 S.W.3d 782, 787 (Tex.
App.–Corpus Christi 2003, pet. denied). 
         Our review of the record shows that appellants have failed to meet their burden
of providing evidence of accident or mistake. See Doades v. Syed, 94 S.W.3d 664,
673 (Tex. App.–San Antonio 2002, no pet.) (affirming the trial court’s denial of
appellant’s motion for an extension under former section 13.01(g) because appellant
did not state the nature of the mistake or accident and did not even claim such to be
the reason for noncompliance); Rittmer, 65 S.W.3d at 724 (upholding trial court’s
denial of former section 13.01(g) extension because appellant “neither identified a
purported accident or mistake, nor offered evidence of the same”). In their request for
leave to amend, appellants state only that they “believe that said report is legally
sufficient . . . ; however, in the alternative, [appellants] respectfully requests [sic] that
this Court grant leave to amend said report pursuant to Vernon’s Rev. Tex. Civ. Stat.
Ann. art. 4590i §13.01(g).” Appellants failed to provide any evidence that the report
was insufficient due to accident or mistake. See Tesch, 28 S.W.3d at 787. 
Moreover, a purportedly mistaken belief that the report complied with the statute does
not negate a finding of intentional or conscious indifference. Walker v. Gutierrez, 111
S.W.3d 56, 65 (Tex. 2003). 
         Accordingly, we find that the trial court could have reasonably concluded that
appellants did not show that their failure to comply with the requirements set forth in
section 13.01(g) was the result of accident or mistake and, therefore, did not abuse
its discretion. Appellants’ second point of error is therefore overruled. 
IV. MOTION FOR NEW TRIAL
         By their third point of error, appellants contend that the trial court erred in
denying their motion for new trial. We review the trial court’s decision denying a
motion for new trial for abuse of discretion. Brown v. Hopkins, 921 S.W.2d 306, 311
(Tex. App.–Corpus Christi 1996, no writ) (citing Jackson v. Van Winkle, 660 S.W.2d
807, 809 (Tex. 1983)). “An appellate court may reverse a trial court for abuse of
discretion only if, after searching the record, it is clear that the trial court's decision
was arbitrary and unreasonable.” Id. (citing Simon v. York Crane & Rigging Co., 739
S.W.2d 793, 795 (Tex. 1987)).
         Appellants re-urge their first two points of error in appealing the trial court’s
denial of their motion for new trial. Our findings in regard to the first two points of
error, however, are dispositive of this matter. Since we have already found that the
trial court acted reasonably in granting appellee’s motion to dismiss and in denying
appellants’ request for leave to amend, we also find that the trial court did not abuse
its discretion in denying appellants’ motion for new trial. Appellants’ third point of
error is therefore overruled. 
V. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.                                                                                        
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Memorandum Opinion delivered and filed
this 15th day of July, 2004.