NUMBER 13-04-00351-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

JEANNETTE
ALFONSO, INDIVIDUALLY AND

AS
REPRESENTATIVE OF THE ESTATE OF

JESSIE ALFONSO,                                                                           Appellant,

 

                                                             v.

 

FRANCISCO
BRACAMONTES, M.D.

AND CARDIAC CONSULTANTS,                                                    Appellees.

 

    On appeal from the 92nd District Court of Hidalgo County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








Appellant, Jeannette Alfonso, Individually
and as Representative of the Estate of Jessie Alfonso, appeals the dismissal of
her medical malpractice suit against appellees, Francisco Bracamontes, M.D.,
and Cardiac Consultants.  In two issues,
appellant contends the trial court erred in (1) not granting her motion for
extension of time to file her expert report, and (2) dismissing the case and
awarding sanctions.  We affirm.

As this is a memorandum opinion and the
parties are familiar with the facts, we will not recite them here except as
necessary to advise the parties of our decision and the basic reasons for
it.  See Tex. R. App. P. 47.4.

In her second issue, appellant contends the
trial court erred in dismissing her medical malpractice case and granting
sanctions against her because her expert report provided a fair summary of the
expert=s opinion as required by statute.  

We review a trial court=s decision to dismiss a case under former
article 4590i, section 13.01(e) of the Texas Medical Liability and Insurance
Improvement Act (Athe Act@) under an abuse-of-discretion
standard.  See Walker v. Gutierrez,
111 S.W.3d 56, 63 (Tex. 2003); Am. Transitional Care Ctrs. of Tex.,
Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001).  A trial court abuses its discretion if it
acts in an arbitrary or unreasonable manner without reference to any guiding
rules or principles.  Bowie Mem. Hosp.
v. Wright, 79 S.W.3d 48, 52 (Tex. 2002).








An expert report, as defined in the Act, is
a written report by an expert that provides (1) a fair summary of the expert's
opinions as of the date of the report regarding applicable standards of care,
(2) the manner in which the care rendered by the physician or health care
provider failed to meet the standards, and (3) the causal relationship between
that failure and the injury, harm, or damages claimed.  See Act of April 19, 1977, 65th Leg.,
R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2064 [hereinafter Aformer article 4590i, section 13.01@], repealed by Act of May 16, 2003, 78th
Leg., R.S., ch. 204, ' 10.09, 2003 Tex. Gen. Laws 847 (current
version at Tex. Civ. Prac. & Rem.
Code Ann. ' 74.351 (Vernon 2005))[1];
Palacios, 46 S.W.3d at 878. A trial court may grant a motion to dismiss
based on the inadequacy of an expert report Aif it appears to the court, after hearing,
that the report does not represent a good faith effort to comply with the
[requirements] of an expert report.@  See
Act of April 19, 1977, 65th  Leg., R.S.,
ch. 817, 1977 Tex. Gen. Laws 2039, 2064 (repealed 2003). To constitute a good‑faith
effort, a report must fulfill two purposes. 
Palacios, 46 S.W.3d at 879. AFirst, the report must inform the defendant
of the specific conduct the plaintiff has called into question.@  Id.  ASecond, and equally important, the report
must provide a basis for the trial court to conclude that the claims have
merit.@  Id.  However, an expert report cannot constitute a
good faith effort to comply with the requirements of the Act Ait if omits any of the statutory
requirements.@  Id.

Appellee asked the trial court to dismiss
appellant=s case against Dr. Bracamontes because
appellant=s expert report (1) failed to specifically
set forth the applicable standard of care, (2) failed to state how Dr.
Bracamontes allegedly breached such standard, and (3) failed to state the
causal relationship between Dr. Bracamontes=s alleged breach and appellant=s alleged injury.  Appellee asked the trial court to dismiss
appellant=s case against Cardiac Consultants because
appellant completely failed to produce any report from an expert that was
critical of Cardiac Consultants.








After reviewing the expert report, we
conclude it fails to meet the requirements of former 4590i, section
13.01(r)(6).  The report merely presents
the patient=s medical history, the procedures performed
by Dr. Bracamontes, and how the expert Awould have approached this in a different
manner.@  The
report concludes with the statement that the procedures Ado not fall within the standard of practice.@ 
However, the report does not (1) set forth the applicable standard of
care, (2) specify how appellees= breached that standard of care, and (3)
state the causal relationship between appellees= breach and appellant=s injury.

Accordingly, we conclude that the trial
court did not abuse its discretion in granting appellees= motion for dismissal and sanctions.[2]  Appellant=s second issue is overruled.  In light of our disposition of this issue, it
is unnecessary to address appellant=s remaining issue.[3]
  Tex. R. App. P. 47.1

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum
Opinion delivered and filed this

the
21st day of July, 2005.

 











[1] Article 4590i was repealed
by the 78th legislature, effective September 1, 2003.  Because this case was filed before September
1, 2003, the provisions of former article 4590i apply.





[2]Former Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 13.01(e) mandates the
assessment of attorney=s fees and costs as
sanctions when a plaintiff fails to comply with the requirements of former Tex. Rev. Civ. Stat. Ann. art. 4590i, '13.01(d). 





[3] Appellant=s motion for extension of
time to file her expert report was filed on December 23, 2003, four days before
the 180-day deadline for filing her expert report.  See former Tex. Rev. Civ. Stat. Ann. art. 4590i, '13.01(d).  Even if the trial court had granted her
motion for extension of time to file a report, the report she filed was
inadequate.  Appellant did not request,
nor could she request, an extension to correct the inadequate report, because
only one thirty-day extension may be granted under the statute.  See Tesch v. Stroud, 28 S.W.3d 782,
786 (Tex. App.BCorpus Christi 2000, pet.
denied).