NUMBER 13-04-524-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

ROBERT C. RENAUD,                                               Appellant,

 

                                           v.

 

CHRISTUS SPOHN HEALTH SYSTEM

CORPORATION
D/B/A CHRISTUS SPOHN

HOSPITAL
SHORELINE AND FRED 

PURNELL THOMAS, JR., M.D.,                                  Appellees.

___________________________________________________________________

 

                  On
appeal from the 319th District Court

                           of Nueces County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION[1]

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez 

                      Memorandum
Opinion by Justice Rodriguez








This appeal arises from the trial court's dismissal of a medical
malpractice claim brought by appellant, Robert C. Renaud (Renaud), against
appellees, Christus Spohn Health System Corporation d/b/a Christus Spohn
Hospital Shoreline (Spohn Hospital) and Fred Purnell Thomas, Jr., M.D. (Dr.
Thomas).  By two issues, appellant
contends the trial court (1) abused its discretion by denying his motion to
extend time to file a supplemental expert report and granting appellees'
motions to dismiss and (2) erred in denying his motion to strike portions of
the affidavit of Andrew Lehrman.  We
reverse and remand.

I.  Background

Appellant underwent a femoral-popliteal bypass graft, which was
performed by Dr. Thomas at Spohn Hospital. 
Following the surgery, an infection developed in the graft site.  Dr. Thomas performed additional surgical
procedures to treat appellant's wound. 
Appellant then sought a second opinion regarding his medical condition
and was transferred to St. Luke's Episcopal Hospital in Houston, Texas, where
he received additional treatment.  








Appellant filed the underlying malpractice suit against Dr. Thomas and
Spohn Hospital alleging medical negligence. 
In his petition, appellant alleged that Spohn Hospital failed to (1)
properly assess his condition and (2) properly treat him before the ligation of
his femoral artery.  Appellant also
alleged that Dr. Thomas failed to (1) adequately assess his condition prior to
ordering the ligation of his femoral artery, (2) inform him of any alternatives
prior to the ligation of his femoral artery, and (3) provide adequate and
timely medical care.  








Pursuant to section 13.01(d) of the Medical Liability and Insurance
Improvement Act (the Act), appellant filed an expert report prepared by Michael
M. Bergman, M.D.  See Act approved
June 10, 2003, 73rd Leg., R.S., ch. 625, ' 3, sec. 13.01, 1993
Tex. Gen. Laws 2347, 2347-49, amended by Act approved May 18, 1995, 74th
Leg., R.S., ch. 140, ' 1, sec. 13.01, 1995
Tex. Gen. Laws 985, 985-87, repealed by Act approved June 11, 2003, 78th
Leg., R.S., ch. 204, ' 10.09, 2003 Tex. Gen.
Laws 847, 884.[2]  Alleging that the expert report was
inadequate and that it failed to comply with the requirements of section 13.01
of the Act, each appellee moved to dismiss the suit.  See id.  In response, appellant filed a motion to
extend time to file a supplemental expert report, supported by the affidavit of
his counsel, Les Mendelsohn.  Dr. Thomas
then filed an amended motion to dismiss and a response to appellant's motion
for extension of time, in which Spohn Hospital joined.  Included in Dr. Thomas's response was the
affidavit of his counsel, Andrew Lehrman, which sought to controvert the
affidavit of appellant's counsel. 
Appellant filed a motion to strike portions of Lehrman's affidavit.  After a hearing on the motions, the trial
court granted appellees' motions to dismiss the suit and denied appellant's
motion for extension of time and motion to strike.

II.  Denial of Motion to Extend
Time

By his first issue, appellant contends the trial court abused its
discretion by denying his motion to extend time to file a supplemental expert
report and granting appellees' motions to dismiss.

A.  Standard of Review

We review (1) a trial court's denial of a motion for extension of time
filed pursuant to section 13.01(g) and (2) a trial court's dismissal of a
medical malpractice claim for failure to comply with expert report requirements
of section 13.01 under an abuse of discretion standard.  Walker v. Gutierrez, 111 S.W.3d 56,
61-63 (Tex. 2003).  A trial court abuses
its discretion when it acts arbitrarily or unreasonably, without reference to
guiding rules or principles.  Bowie
Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam) (citing Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)).  A trial court does not abuse its discretion
simply because it may decide a matter within its discretion differently than an
appellate court.  Moore v. Sutherland,
107 S.W.3d 786, 789 (Tex. App.BTexarkana 2003, pet.
denied) (citing Downer, 701 S.W.2d at 242). 

B.  The Law








Section 13.01(d) of the Act requires a plaintiff in a medical
malpractice action, not later than 180 days after suit is filed, to (1) furnish
each defendant physician or health care provider an expert report and the
expert's curriculum vitae, or (2) voluntarily nonsuit the action against the
physician or health care provider.  See
Act approved June 10, 2003, 73rd Leg., R.S., ch. 625, ' 3, sec. 13.01, 1993
Tex. Gen. Laws 2347, 2347-49 (repealed 2003); Am. Transitional Care
Ctr. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001); Tesch v.
Stroud, 28 S.W.3d 782, 784 (Tex. App.BCorpus Christi 2000,
pet. denied).  If a plaintiff timely
furnishes an expert report and curriculum vitae, a defendant may move to
challenge the adequacy of the report, and the trial court must grant the
motion, pursuant to section 13.01(l), if "it appears to the court . . .
that the report does not represent a good faith effort to comply with the definition
of an expert report."  See Act
approved June 10, 2003, 73rd Leg., R.S., ch. 625, ' 3, sec. 13.01, 1993
Tex. Gen. Laws 2347, 2347-49 (repealed 2003); Am. Transitional Care
Ctr. of Tex., Inc., 46 S.W.3d at 877; De Leon v. Vela, 70 S.W.3d
194, 197 (Tex. App.BSan Antonio 2001, pet.
denied).  Section 13.01(r)(6) of the Act
defines an expert report as follows:

a written report by an
expert that provides a fair summary of the expert's opinions as of the date of
the report regarding applicable standards of care, the manner in which the care
rendered by the physician or health care provider failed to meet the standards,
and the causal relationship between that failure and the injury, harm, or
damages claimed.

 








See
Act
approved June 10, 2003, 73rd Leg., R.S., ch. 625, ' 3, sec. 13.01, 1993
Tex. Gen. Laws 2347, 2347-49 (repealed 2003); Am. Transitional Care
Ctr. of Tex., Inc., 46 S.W.3d at 877; De Leon, 70 S.W.3d at 197-98; Tesch,
28 S.W.3d at 784.  Furthermore, if the
trial court determines that an expert report does not meet these statutory
requirements and the time for filing an expert report has passed, it must
dismiss with prejudice the claims against the defendant who has challenged the
report, see Act approved June 10, 2003, 73rd Leg., R.S., ch. 625, ' 3, sec. 13.01, 1993
Tex. Gen. Laws 2347, 2347-49 (repealed 2003); Am. Transitional Care
Ctr. of Tex., Inc., 46 S.W.3d at 877; De Leon, 70 S.W.3d at 198,
unless the plaintiff is entitled to a thirty-day grace period pursuant to
section 13.01(g).  See Walker, 111
S.W.3d at 61-62 (providing that a party who files a timely but inadequate
expert report may seek relief under the grace period provisions of section
13.01(g)).  Section 13.01(g) reads in
pertinent part as follows:

Notwithstanding any
other provision of this section, if . . . after hearing the court finds that
the failure of the claimant or the claimant's attorney was not intentional or
the result of conscious indifference but was the result of an accident or
mistake, the court shall grant a grace period of 30 days to permit the claimant
to comply . . . .

 

See
Act
approved June 10, 2003, 73rd Leg., R.S., ch. 625, ' 3, sec. 13.01, 1993
Tex. Gen. Laws 2347, 2347-49 (repealed 2003).  Therefore, if a trial court determines that a
timely filed expert report is inadequate, it must grant a plaintiff thirty days
to cure the defect if the plaintiff establishes that the failure to furnish an
adequate report was the result of accident or mistake.  See id.; Walker, 111 S.W.3d at
61-62.  








In determining whether the failure to file an adequate report was due
to accident or mistake rather than to intentional disregard or conscious
indifference, we must look to the knowledge and acts of the claimant.  Walker, 111 S.W.3d at 64 (citing Strackbein
v. Prewitt, 671 S.W.2d 37, 39 (Tex. 1984)); Tesch, 28 S.W.3d at 787.  "Some excuse, but not necessarily a good
excuse, is enough to warrant an extension of time to file an expert report, as
long as the act or omission causing the failure to file the report was in fact
accidental."  Tesch, 28
S.W.3d at 787 (citing Finley v. Steenkamp, 19 S.W.3d 533, 539 (Tex. App.BFort Worth 2000, no
pet.); Horsley-Layman v. Angeles, 968 S.W.2d 533, 536 (Tex. App.BTexarkana 1998, no
pet.)).  The burden is on the plaintiff
to show some evidence of accident or mistake to demonstrate he did not act
intentionally or with conscious indifference. 
De Leon, 70 S.W.3d at 200; Tesch, 28 S.W.3d at 787.  If the plaintiff establishes such evidence,
the burden shifts to the defendant to controvert the plaintiff's evidence of
accident or mistake; otherwise, an issue of mistake exists and an extension of
time must be granted.  Tesch, 28
S.W.3d at 787 (citing Finley, 19 S.W.3d at 539; Schorp v. Baptist
Mem'l Health Sys., 5 S.W.3d 727, 732 (Tex. App.BSan Antonio 1999, no
pet.)).  

C.  Analysis

By his first issue, appellant contends the trial court abused its
discretion by denying his motion to extend time to file a supplemental expert
report and granting appellees' motions to dismiss.  More specifically, appellant asserts that he
demonstrated that his failure to file an adequate expert report was due to
accident or mistake rather than to intentional disregard or conscious
indifference.  We agree.

The expert report prepared by Dr. Bergman, a board certified internal
medicine specialist and infectious disease subspecialist, included the
following statements:








Whether Mr. Renaud
should have underwent an extra-anatomic bypass procedure earlier in his course
while at Spohn's Hospital or whether any additional Vascular/Surgical
interventions including a follow-up angiogram should have been done while at
Spohn's Hospital are questions better answered by a Vascular Surgeon. . . .

 

It is also my opinion
that a Vascular Surgical expert should be obtained as I defer any comment
relating to the technical, non-Infectious Disease aspects of this complex case
to the appropriate specialist involved.[3]  

 

The
expert report was dated Friday, February 27, 2004, and the deadline for
appellant to furnish a copy of the expert report to appellees was Monday, March
1, 2004.








Based in part on these statements, appellees challenged the adequacy
of the expert report and filed motions to dismiss the suit.  In response, appellant timely filed a motion
for extension of time to file a supplemental expert report pursuant to section
13.01(g).[4]  See Act approved June 10, 2003, 73rd
Leg., R.S., ch. 625, ' 3, sec. 13.01, 1993
Tex. Gen. Laws 2347, 2347-49 (repealed 2003).  Therefore, even assuming, without
determining, that the trial court found the expert report to be inadequate, the
Act mandated that the trial court grant appellant a thirty-day extension to
file a supplemental expert report if appellant established that his failure to
file an adequate report in the first instance was due to accident or
mistake.  See id.; Walker,
111 S.W.3d at 61-62.  The burden was on
appellant to show some evidence of accident or mistake to entitle him to a
thirty-day extension to file a supplemental report.  De Leon, 70 S.W.3d at 200; Tesch,
28 S.W.3d at 787.  To establish such
evidence, appellant filed the affidavit of Mendelsohn, his counsel.  In his affidavit, Mendelsohn stated the
following:

I had reviewed the
medical records in the case . . . and had determined that a physician
specializing in infectious disease and/or internal medicine would be the
appropriate expert to review this file. 
With that in mind, I retained Michael M. Bergman, M.D. . . . to review
the medical records in the case and to render an opinion as to the negligence,
if any, committed by the named defendants herein. . . .

 

Based upon my review
of the report . . . I also saw that Dr. Bergman recommended that a different
specialist, a Vascular Surgeon, review the medical records to determine whether
or not the care provided to Mr. Renaud fell below the applicable standard of
care from the perspective of a vascular surgeon.  Unfortunately, I was unable to provide the
medical records to such a specialist, and receive a report from same, because
the deadline for filing the expert report was imminent.  Under the circumstances, I did not have any
additional time to obtain this supplemental report.

 

My failure to file a
report from a vascular surgeon was not intentional or the result of conscious
indifference, but instead represented my mistaken belief that, based upon my
review of the medical records, the appropriate specialist was an infectious
disease and/or internal medicine specialist. 
If I had believed that a vascular surgeon was the appropriate specialist
to review these records, I would have retained same prior to the running of the
180-day deadline and had a report [prepared] based upon that specialist's
review of the records.

 








I want to reiterate
that my failure to file the required documents was not intentional or the
result of conscious indifference, since I had no knowledge until the eve of the
deadline that I would require the services of a vascular surgeon.

 

Based on this evidence, we conclude that Mendelsohn's "mistaken
belief that . . . the appropriate specialist was an infectious disease and/or
internal medicine specialist" does not constitute intentional disregard or
conscious indifference, but instead establishes evidence of a mistake that led
to the filing of an inadequate expert report. 
See Act approved June 10, 2003, 73rd Leg., R.S., ch. 625, ' 3, sec. 13.01, 1993
Tex. Gen. Laws 2347, 2347-49 (repealed 2003); De Leon, 70 S.W.3d
at 200; Tesch, 28 S.W.3d at 787. 
Mendelsohn's mistaken belief led him to seek an expert report from a
physician specializing in internal medicine and infectious disease only,
instead of also seeking an expert report from a physician qualified to opine on
the "technical, non-infectious disease" aspects of the case.  This mistake constitutes some excuse for
appellant's failure to file an adequate expert report.  See Tesch, 28 S.W.3d at 787 (citing Finley,
19 S.W.3d at 539; Horsley-Layman, 968 S.W.2d at 536).  

Because appellant established that his failure to file an adequate
expert report was due to a mistake, the burden shifted to appellees to
controvert appellant's evidence of mistake. 
Tesch, 28 S.W.3d at 787 (citing Finley, 19 S.W.3d at 539; Schorp,
5 S.W.3d at 732).  In an attempt to
controvert appellant's evidence of mistake, Andrew Lehrman, counsel for Dr.
Thomas, filed an affidavit, which stated the following:








Plaintiff apparently
consulted an infectious disease/internal medicine specialist who, in the
undersign's opinion, would have communicated prior to the preparation of the
report that he is not qualified to render opinions on issues relating to a
vascular surgeon and that such information would have been known prior to the
preparation of this report and/or prior to the production of this report.

 

Therefore, it would
appear that Plaintiff had adequate time to seek out the opinions of a vascular
surgeon prior to the final report being reduced to writing and produced by
Plaintiff's attorney.

 

Plaintiff fails to
offer any evidence in its Response and Affidavit that there was insufficient
time prior to learning from Dr. Bergman of the need to get a vascular surgeon
to obtain the review of the medical records by a vascular surgeon prior to the
deadline for production of expert reports.

 

We conclude that Lerhman's affidavit fails to controvert appellant's
evidence of mistake.  While Lerhman's
affidavit sets out his general opinions (1) about what an expert "would
have communicated" to Mendelsohn prior to the preparation of the report
and (2) that it "would appear that Plaintiff had adequate time to seek out
the opinions of a vascular surgeon prior to the final report being reduced to
writing," it does not controvert the specific evidence of mistake
established by Mendelsohn's affidavit in this case.  








Because appellees failed to controvert appellant's evidence of
mistake, an issue of mistake existed, Tesch, 28 S.W.3d at 787 (citing Finley,
19 S.W.3d at 539; Schorp, 5 S.W.3d at 732), and the trial court was
required to grant appellant a thirty-day extension to file a supplemental
expert report.  See Act approved
June 10, 2003, 73rd Leg., R.S., ch. 625, ' 3, sec. 13.01, 1993
Tex. Gen. Laws 2347, 2347-49 (repealed 2003); Walker, 111 S.W.3d
at 61-62.  Therefore, we conclude that
the trial court abused its discretion in dismissing the underlying suit and in
denying appellant's motion for extension of time.  We sustain appellant's first issue.

III.  Denial of Motion to Strike

Through his second issue, appellant contends the trial court erred by
denying his motion to strike portions of the affidavit of Andrew Lehrman.  We, however, decline to address appellant's
second issue as it is not dispositive of this appeal in light of our
disposition of appellant's first issue.  See
Tex. R. App. P. 47.1. 

IV.  Conclusion

Accordingly, we reverse the judgment of the trial court and remand the
cause for further proceedings consistent with this opinion.

 

NELDA
V. RODRIGUEZ

Justice

 

Memorandum Opinion
delivered and 

filed this 20th day of
April, 2006.

 











[1]All issues of law presented by this
case are well-settled, and the parties are familiar with the facts.  Therefore, we will not recite the law or the
facts except as necessary to advise the parties of the Court's decision and the
basic reasons for it.  See Tex. R. App. P. 47.4.





[2]Article 4590i of the Texas Revised
Civil Statutes, which contained section 13.01 of the Medical Liability and
Insurance Improvement Act, was repealed in 2003.  See Act approved June 11, 2003, 78th
Leg., R.S., ch. 204, ' 10.09, 2003 Tex. Gen. Laws 847,
884.  Because the underlying suit was
filed prior to September 1, 2003, the effective date of the repeal, we apply
the version of former section 13.01 that went into effect on September 1,
1995.  See id.





[3]Although Dr. Bergman states that
certain questions are better answered by a vascular surgeon, we do not
determine on appeal whether a vascular surgeon is in fact required to opine on
the "technical, non-infectious disease" aspects of this case.





[4]Appellees suggest that appellant's
motion to extend time to file a supplemental expert report was not timely
filed.  However, section 13.01(g) states
the following:  "a motion by a
claimant for relief under this subsection shall be considered timely if it is
filed before any hearing on a motion by defendant" to dismiss the suit
based on the inadequacy or non-compliance of an expert report.  See Act approved June 10, 2003, 73rd
Leg., R.S., ch. 625, ' 3, sec. 13.01, 1993 Tex. Gen. Laws
2347, 2347-49, amended by Act approved May 18, 1995, 74th Leg., R.S.,
ch. 140, ' 1, sec. 13.01, 1995 Tex. Gen. Laws
985, 985-87, repealed by Act approved June 11, 2003, 78th Leg., R.S.,
ch. 204, ' 10.09, 2003 Tex. Gen. Laws 847,
884.  Because appellant filed his motion
for extension of time prior to the hearing on appellees' motions to dismiss,
appellant's motion was timely filed.  See
id.